UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Lawrence Christopher Redding, | Case No. 17-cv-2740 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| Paul Thompson, *Warden of FCI Pekin*, | |
| Respondent. | |

---

Lawrence Christopher Redding, #05489-041, FCI Pekin, P.O. Box 5000, Pekin, IL 61555 (*pro se* Petitioner); and

David Michael Maria, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

---

## I. INTRODUCTION

This matter comes before the Court on Petitioner Lawrence Christopher Redding's "Motion for Writ of Habeas Corpus § 2241" ("Petition") (Pet., ECF No. 1) and Respondent Paul Thompson's ("the Government"[1]) "Motion to Dismiss or Transfer" (ECF No. 18). This matter has been referred to the undersigned for a report and recommendation to the Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, this Court recommends that this matter be transferred to the United States District Court for the Central District of Illinois.

---

[1] The Court uses "the Government" to describe the respondent in this matter based on the lack of clarity in the record regarding the substitution of Thompson for the "United States of America," the respondent named in the Petition. (Pet. at 1.) *See infra* Section II.A.

1

## II. BACKGROUND

In 1992, Petitioner was convicted in this District of three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[2] (Pet. at 4.) *See United States v. Redding*, 16 F.3d 298, 299 (8th Cir. 1994); *see also Redding v. United States*, 105 F.3d 1254, 1254-55 (8th Cir. 1997) (per curiam). Based on prior state felony convictions, Petitioner was determined to be an "armed career criminal" within the meaning of 18 U.S.C. § 924(e)(1). *Redding*, 16 F.3d at 302. (*See* Pet. at 4.) "The district court relied on three 1984 Minnesota state court convictions for aggravated robbery, and, as an alternative basis, on three Illinois state court convictions for robbery between 1975 and 1979." *Redding*, 16 F.3d at 302. Petitioner was sentenced to 327 months in prison. *Id.* at 299. (*See* Pet. at 4.) Petitioner has a projected release date of August 15, 2018. *Inmate Locator*, Fed. Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

Petitioner brings the instant Petition under 28 U.S.C. § 2241, asserting that his confinement is unconstitutional based on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Petitioner asserts "that the district court improperly relied on the Illinois convictions and on all the Minnesota convictions in classifying him as an Armed Career Criminal."[3] (Pet. at 6-7.)

---

[2] *United States v. Redding*, No. 4:92-cr-116-DSD (D. Minn.).

[3] Ordinarily, a challenge to the imposition of a sentence must be raised to the sentencing court in a motion under 28 U.S.C. § 2255, not in a habeas petition under 28 U.S.C. § 2241. *See, e.g.*, *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241."); *Deleston v. Wilson*, No. 13-cv-2733 (JNE/SER), 2014 WL 3384680, at *3 (D. Minn. July 10, 2014) ("A motion under 28 U.S.C. § 2241 challenges the *execution* of a sentence while a motion under 28 U.S.C. § 2255 challenges the *imposition* of a sentence.").

Under 28 U.S.C. § 2255(e),

**A. Filing of Habeas Petition & Transfer to Minnesota**

Petitioner filed the Petition in the United States District Court for the Central District of Illinois in March 2017.[4]  (*See generally* Pet. at 1.)  Petitioner named the United States of America as the respondent.  (Pet. at 1.)  At the time the Petition was filed, Petitioner was incarcerated in the Pekin Federal Correctional Institution, located in Pekin, Illinois.  (Pet. at 11.)

The Central Illinois district court conducted a preliminary review of the Petition and directed "Jeff Krueger"[5] to show cause why the writ should not be granted.  (ECF No. 2.)  Listing "Paul Thompson, Acting Warden" as the respondent, the Government requested an extension of time to respond to the Petition, which was granted.  (ECF No. 5; Text Only Order (C.D. Ill. May 9, 2017).)  Near the end of May, and in the midst of briefing, Petitioner was released from prison, began a period of supervised release,[6] and moved to Minneapolis, Minnesota.  (Gov't's Mot. to Transfer Venue ¶¶ 3-4; *see* ECF No. 6.)

---

> [a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This "savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or sentence."  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing 28 U.S.C. § 2255(e)); *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) ("A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective.").  Here, Petitioner is expressly arguing that the remedy under § 2255 is inadequate and ineffective.  (Pet. at 1-4.)
[4] *Redding v. Thompson*, No. 17-cv-1131-JES (C.D. Ill.).
[5] The role of "Jeff Krueger" is unknown to this Court.
[6] Petitioner had previously been released from custody in 2016, but had violated his conditions of release and was sentenced to five months imprisonment followed by four years of supervised release.  (Gov't's Mot. to Transfer Venue ¶ 3, ECF No. 7.)

3

Listing "Paul Thompson, Warden" as the respondent, the Government subsequently moved to transfer the Petition to the United States District Court for the District of Minnesota or, alternatively, to dismiss the Petition. (*See generally* Gov't's Mot. to Transfer Venue). In a text order, the Central Illinois district court granted the Government's motion: "Having heard no objection by Petitioner, the Court grants Respondent's Motion and directs the clerk to transfer this action to the United States District Court for the District of Minnesota for further proceedings." (Text Only Order (C.D. Ill. July 6, 2017).)

### B.  Proceedings in the District of Minnesota

This matter was transferred to this District in July and Thompson was listed as the respondent based on the Central Illinois docket. (ECF No. 11.) In August, this Court directed the Government to respond to the Petition. (ECF No. 14.)

Following the transfer, Petitioner pleaded guilty in this District to violating his supervised release in the underlying criminal matter and was sentenced to 14 months imprisonment with no supervised release to follow. *Redding*, No. 92-cr-116-DSD (J., Aug. 30, 2017, ECF No. 173). The district court recommended incarceration at the Federal Medical Center located in Rochester, Minnesota. *Id.* For a period of time following his sentence, Petitioner was confined at the Anoka County Jail, located in Anoka, Minnesota. *See id.* (Ltr., Sept. 6, 2017, ECF No. 174-1). (*See also* ECF No. 16-1.)

At some point thereafter, Petitioner was transferred back to Illinois.[7]  (Mot. to Dismiss at 2.)  Towards the end of September, the Government filed a motion to dismiss or, alternatively, to transfer this matter to the United States District Court for the Northern District of Illinois, as Petitioner was currently incarcerated in the Metropolitan Correctional Center, located in Chicago, Illinois.  (Mot. to Dismiss at 2.)

In November, Petitioner notified this Court that he was back at the Pekin Federal Correctional Institution in Illinois, thus having returned to the very district in which he had initially filed his Petition.  (ECF No. 19; *see* ECF No. 22.)  The Federal Bureau of Prisons' inmate locator shows that Petitioner remains at the Pekin Federal Correctional Institution.

### III. ANALYSIS

The Government has moved to dismiss the Petition because Petitioner's custodian is not within the territorial jurisdiction of this Court.  Alternatively, the Government requests that this matter be transferred to the district of Petitioner's confinement.

**A. The Proper Respondent & Territorial Jurisdiction**

This case stands at the intersection of two related principles in habeas corpus jurisprudence: the proper respondent and territorial jurisdiction.  "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 434

---

[7] Mail sent by the Court to Petitioner at the Anoka County Jail around the middle of September was subsequently returned to the Court as undeliverable because Petitioner was no longer incarcerated there.  (ECF No. 17.)

5

(2004) (alteration in original) (quoting 28 U.S.C. § 2242); *see* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). *In Padilla*, the United States Supreme Court explained:

> We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."

542 U.S. at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)); *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). *Padilla* reaffirmed the "longstanding practice . . . in habeas challenges to present physical confinement—'core challenges'—[that] the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." 542 U.S. at 435; *see id.* at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian . . . is the proper respondent.").

As for territorial jurisdiction, section 2241 provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); *see Padilla*, 542 U.S. at 442. This rule "require[s] 'nothing more than the court issuing the writ have jurisdiction over the custodian.'" *Padilla*, 542 U.S. at 442 (quoting *Braden*, 410 U.S. at 495).

Indeed, the Eighth Circuit Court of Appeals has repeatedly held that there must be a custodian within the territorial confines of the district court. *See, e.g.*, *United States v.*

6

*Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987) ("[A] § 2241(a) habeas petition must be filed in the judicial district within which either the [United States Parole Commission] or the prisoner's custodian is located."); *United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977) (per curiam) ("Habeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court."); *Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir. 1977) ("However [§] 2241 jurisdiction exists only if the District Court has jurisdiction over the petitioner's custodian."); *Gravink v. United States*, 549 F.2d 1152, 1154 (8th Cir. 1977) ("Under the law of this circuit habeas corpus jurisdiction requires that the district court have jurisdiction over the petitioner's custodian."); *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976) ("Jurisdiction under 28 U.S.C. [§] 2241 thus lies not only in the district of actual physical confinement but also in the district where a custodian responsible for the confinement is present."); *Lee v. United States*, 501 F.2d 494, 501 (8th Cir. 1974) ("[T]he minimum jurisdictional requisite of the presence of the custodian within the territorial confines of the district court must be satisfied before venue considerations are balanced."); *see also Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998) ("But at this time Copley is not in the custody of anyone over whom we have jurisdiction, so there is no entity that we can order to effect Copley's release should the writ issue.").

Thus, generally speaking, "the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent" in challenges to present physical confinement. *Padilla*, 542 U.S. at 444. "By definition, the immediate custodian and the prisoner reside in the same district." *Id.* Accordingly,

7

"[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447; *see also Alonso v. Office of Counsel/Immigration & Customs Enf't*, No. 13-cv-2514 (MJD/JJK), 2013 WL 5999485, at *2-3 (D. Minn. Nov. 12, 2013).

### B. Territorial Jurisdiction Following Transfers of Petitioners

Questions of territorial jurisdiction become murkier when, as occurred in this case, the petitioner is transferred while the habeas petition is pending. In *Padilla*, the Supreme Court observed that *Ex parte Endo*, 323 U.S. 283 (1944), "stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent *within its jurisdiction* who has legal authority to effectuate the prisoner's release." 542 U.S. at 441 (emphasis added); *see Copley*, 150 F.3d at 830 ("It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only so long as an appropriate respondent with custody remains in the district.") (quotation omitted); *cf.* Randy Hertz & James S. Lebman, *Fed. Habeas Corpus Practice & Procedure* § 10.2 & n. 34 (7th ed. 2016) [hereinafter *Fed. Habeas Corpus*] ("[I]f a petitioner properly brings a habeas corpus action in a particular district and then is transferred to another jurisdiction while the petition is pending, the court in which the petition originally was filed retains jurisdiction and remains the appropriate venue."). Further, the Supreme Court also stated that "*Braden* in no way

8

authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." *Padilla*, 542 U.S. at 445; *see id.* at 444 ("[D]icta [in *Braden*] did not indicate that a custodian may be served with process *outside* of the district court's territorial jurisdiction."); *see also Lee*, 501 F.2d at 501.

In *Eubanks v. Wilson*, a magistrate judge in this District recently discussed the issue of continuing jurisdiction when an "inmate is transferred beyond the territorial limits of the court, for at that point the prisoner's immediate physical custodian is no longer within the jurisdiction where the action is pending." 2017 WL 2303506, at *3 (D. Minn. Apr. 30, 2017), *adopting report and recommendation*, 2017 WL 2303963 (D. Minn. May 25, 2017). With a nod to *Padilla*, the magistrate judge observed that courts have historically "construed an exception to the immediate physical custodian rule where the prisoner is transferred after the action is filed" based on *Endo*, noting that "[m]any courts have allowed cases to go forward despite the petitioner's transfer to the custody of a facility outside the court's jurisdiction, either citing *Endo* or not addressing jurisdiction at all." *Id.* (citing cases).

The magistrate judge also observed that "two federal district courts have found *Endo* does not support jurisdiction once the inmate is transferred" because "it is unclear that there remains within the territorial limits of th[e c]ourt any person who has the legal authority to grant the relief requested." *Id.* at *4; *see Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39, 46 (D. Mass. 2016) ("The court recognizes that many courts have interpreted *Ex parte Endo* much more broadly than this court, holding that despite a petitioner's transfer, the original court should retain jurisdiction and decide the case,

9

apparently regardless of whether an appropriate respondent remains in the district. However, neither the First Circuit nor any district courts within this circuit, as far as this court is aware, have adopted such a broad reading of *Ex parte Endo*.") (citation and footnote omitted); *Aitcheson v. Holder*, No. 15-11123-NMG, 2015 WL 10434871, at *2 (D. Mass. Dec. 31, 2015) ("The instant case is distinguishable from *Endo* because no individual in the District of Massachusetts has retained custody of petitioner."); *see also*, *e.g.*, *Mendez v. Martin*, No. C.A. No. 15-408ML, 2016 WL 2849598, at *4-6 (D. R.I. Apr. 19, 2016), *adopting report and recommendation*, 2016 WL 2732182 (D. R.I. May 10, 2016).

### C. Petitioner's Case

Turning to the present case, Petitioner filed the Petition in the Central District of Illinois, where he was incarcerated at the time. As best as this Court is able to tell, Petitioner was subsequently released on a period of supervised release and moved to Minnesota. The authority relied upon by the Government in requesting to have the Petition transferred from Illinois to Minnesota is not particularly clear. The Central Illinois district court did not cite to any authority in the text order directing transfer of the Petition. There is some authority for the proposition that a habeas petition may be transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of justice. *See, e.g., Padilla*, 542 U.S. at 463 n.7 (Stevens, J., dissenting, joined by Souter, Ginsberg & Breyer, JJ.) ("If, upon consideration of traditional venue principles, the district court in which a habeas petition is filed determines that venue is inconvenient or improper, it of course has the authority to

10

transfer the petition." (citing 28 U.S.C. §§ 1404(a), 1406(a))); *Fed. Habeas Corpus* § 10.2.

In any event, following the transfer of this matter from Illinois to Minnesota, Petitioner was sentenced to 14 months imprisonment for violating his supervised release. For a period of time following his sentencing, Petitioner remained incarcerated in Minnesota. At some point, Petitioner was transferred back to Illinois, first to Chicago and then to Pekin, the institution in which Petitioner was incarcerated when he originally filed the Petition. While the Government did not move Petitioner from Illinois to Minnesota initially, the Government has moved Petitioner from Minnesota back to Illinois while his Petition remains pending.

If there were a respondent within this Court's jurisdiction who had the legal authority to effectuate Petitioner's release, *Endo* arguably supports denying Respondent's motion. *See* 323 U.S. at 306; *see also Padilla*, 542 U.S. at 441; *Copley*, 150 F.3d at 830. There are two problems, however. First, Petitioner did not name his immediate custodian as the respondent when he filed the Petition. Thompson appears to have been administratively added as the respondent following the Government's request for additional time. Arguably, the Government could be deemed to have waived the issue of Petitioner's failure to name the proper respondent. *See Mendez*, 2016 WL 2849598, at *5 n.7 ("[T]he government can and often does waive the immediate-custodian and territorial-jurisdiction requirements of § 2241."); *see also Padilla*, 542 U.S. at 452 (Kennedy, J., concurring, joined by O'Connor, J.) ("Because the immediate-custodian

and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government.").

Second, even assuming that Thompson is the proper respondent as Petitioner's immediate custodian or that the Government has waived the issue, the fact remains that this Court does not have jurisdiction over the warden of an Illinois federal prison, who is also presumably in Illinois—or at least not in Minnesota. *See Padilla*, 542 U.S. at 444; *see also Kills Crow*, 555 F.2d at 189 n.9 ("Kills Crow's custodian is the warden at the Federal Correction Institution at Sandstone, Minnesota, and there is nothing in the record to indicate that the District Court below, sitting in South Dakota, had jurisdiction over Kills Crow's custodian."); *Gravink*, 549 F.2d at 1154 ("Gravink's custodians are the Parole Board and the warden at Leavenworth[, Kansas]. Neither is within the territorial jurisdiction of the United States District Court for the Northern District of Iowa." (footnote omitted)); *Cosgrove v. Anderson*, No. 07-cv-4138 (MJD/SRN), 2007 WL 4595879, at *1 (D. Minn. Oct. 2, 2007) ("However, the warden at USP-Florence [in Colorado] obviously is not located in this District, so he or she is not subject to personal jurisdiction in this District."), *adopting report and recommendation*, 2008 WL 44649 (D. Minn. Jan. 2, 2008).

The concurrence in *Padilla*, authored by Justice Anthony Kennedy and joined by Justice Sandra Day O'Connor, observed that the precise nature of the immediate-custodian and territorial-jurisdiction rules is not entirely clear. *Mendez*, 2016 WL 2845958, at *5; *Gonzalez*, 152 F. Supp. 3d at 45; *see Padilla*, 542 U.S. at 453 ("It is difficult to describe the precise nature of these restrictions on the filing of habeas

12

petitions, as an examination of the Court's own opinions in this area makes clear."). And, at times, the Government has consented to territorial jurisdiction. *See, e.g.*, *Eubanks*, 2017 WL 2303506, at *4 ("Here the Government has not raised any objection to the Court's continuing exercise of jurisdiction over Eubanks' petition; in fact, the Government has assisted the Court in determining Eubanks' current whereabouts. Accordingly, to the extent that the Court lacks personal jurisdiction over Eubanks' immediate physical custodian, the Court could find that the Government has waived that issue."); *see also Padilla*, 542 U.S. at 452; *Mendez*, 2016 WL 2849598, at *5 n.7. This, however, is not one of those times.

"[W]ith respect to habeas petitions, 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Padilla*, 542 U.S. at 442 (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). Neither Petitioner nor his custodian is located in Minnesota. Therefore, this Court lacks jurisdiction over Petitioner's § 2241 habeas petition. *See id.* at 442-47; *see also, e.g.*, *Copley*, 150 F.3d at 830; *Hutchings*, 835 F.2d at 187; *Gravink*, 549 F.2d at 1154; *Monteer*, 556 F.2d at 881; *Kills Crow*, 555 F.2d at 189 n.9; *Lee*, 501 F.2d at 501; *Robinson v. United States*, No. 14-cv-1441 (ADM/JJG), 2014 WL 4411057, at *1 (D. Minn. Sept. 5, 2014); *Alonso*, 2013 WL 5999485, at *3.

It is unfortunate that the location of this action must again change. It is not lost on this Court that transfers of habeas petitioners to facilities outside the Court's territorial limits has the potential to result in petitioners "engag[ing] in an endless game of whac[k]-a-mole chasing the government across the country in an effort to have [their] action[s]

13

decided at the precise moment when jurisdiction [is] permitted." *Eubanks*, 2017 WL 2303506, at *5; *see Padilla*, 542 U.S. at 454 (Kennedy, J., concurring, joined by O'Connor, J.) ("I would acknowledge an exception if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention. . . . Or, if the Government did inform the lawyer where a prisoner was being taken but kept moving him so a filing could not catch up to the prisoner, again, in my view, habeas jurisdiction would lie in the district or districts from which he had been removed."). As best as this Court is able to tell, Petitioner came to Minnesota on his own while on supervised release. He violated his supervised release and was sent back to Pekin. There is no indication that the Government has engaged in "forum games" or otherwise acted in a manner designed to thwart Petitioner's pursuit of this matter. *See Padilla*, 542 U.S. at 454; *Griffin v. Ebert*, 751 F.3d 288, 290 (5th Cir. 2014); *Gonzalez*, 152 F. Supp. 3d at 47.

Based on the foregoing, the Court recommends that the Government's motion be granted in part and this matter be transferred back to the Central District of Illinois—the district in which Petitioner and his custodian are currently located and where this matter was properly filed in the first instance. *See* 28 U.S.C. §§ 1404(a), 1406(a), 1631; *McCoy*, 537 F.2d at 965-69; *Robinson*, 2014 WL 4411057, at *2; *Cosgrove*, 2007 WL 4595879, at *2; *see also Padilla*, 542 U.S. at 463 n.7; *Griffin*, 751 F.3d 290-91. Because the Court recommends that this matter be transferred in its entirety, the Court declines to address Petitioner's request to amend the Petition. (ECF No. 16.)

## IV. RECOMMENDATION

Based upon the file, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. The Government's Motion to Dismiss or Transfer (ECF No. 18) be **GRANTED IN PART**.

2. The Clerk of Court be directed to **TRANSFER** this matter back to the United States District Court for the Central District of Illinois.


Dated: January   23   , 2018              *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          for the District of Minnesota

                                          *Redding v. Thompson*
                                          Case No. 17-cv-2740 (JRT/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).